**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE PAGUAY, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                              Plaintiff,

   v.

ESH RESTAURANT GROUP LLC,
RJJ RESTAURANT LLC
   d/b/a EMPIRE STEAK HOUSE
   d/b/a EMPIRE BURGER HOUSE,
RIJJ RESTAURANT LLC
   d/b/a EMPIRE STEAK HOUSE,
W 46 RESTAURANT LLC
   d/b/a CHAZZ PALMINTERI,
RRUSTEM SINANAJ,
SHEFKET SINANAJ, and
XHAFER SINANAJ,

                              Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, JOSE PAGUAY ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, ESH RESTAURANT GROUP LLC, RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE d/b/a EMPIRE BURGER HOUSE, RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE (the "Corporate Defendants"), RRUSTEM SINANAJ, SHEFKET SINANAJ,

and XHAFER SINANAJ (the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including unpaid overtime, due to time-shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§1331, 1343 and 2202 to secure protection of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("FMLA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff JOSE PAGUAY is a resident of Essex County, New Jersey.

6.  Defendants collectively control and operate four (4) restaurants in New York City with trade names and addresses as follows:

    (a) 30 West 46th Street, New York, NY 10036 ("Chazz Palminteri");

(b) 237 West 54th Street, New York, NY 10019 ("Empire Steak House");

(c) 151 East 50th Street, New York, NY 10022 ("Empire Steak House"); and

(d) 147 East 50th Street, New York, NY 10022 ("Empire Burger House");

(collectively, the "Restaurants").

7. Defendants collectively control and operate the Restaurants as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and management, and have a common business purpose. The Restaurants are family owned and operated by brothers and Individual Defendants SHEFKET SINANAJ, XHAFER SINANAJ, and RRUSTEM SINANAJ. Defendants' supplies and employees are interchangeable among the Restaurants, and are transferred between the Restaurants, based on Defendants' needs. Defendants maintain centralized labor relations and implement the same employment policies and practices across the Restaurants, in a manner so described:

    a. All the Restaurants are owned and operated by Corporate Defendant ESH RESTAURANT GROUP LLC ("ESH Restaurant Group"). "ESH Restaurant Group LLC is founded by The Sinanaj Brothers, Russ (Rrustem), Jack (Xhafer), and Jeff (Shefket). ESH Restaurant Group has created and developed a few of the most loved restaurants and event spaces in New York City, Westchester, and Tokyo–Japan. Together with the famous Actor, Chazz Palminteri, they opened Chazz Palminteri Italian Restaurant. Following the steps of its sister's restaurant Empire Steak House, a marvelous restaurant and event space, the excellence of the quality of our food is what differentiates our brand." *See* **Exhibit A**.

b. All of Defendants' websites are maintained and marketed by one entity. *See* **Exhibit B**.

c. All the Restaurants, although operating under different names, market themselves openly and commonly as operating under the management of ESH Restaurant Group and advertise its logo. *See* **Exhibit C**.

d. All the Restaurants' websites are identical in terms of the contents, browsing fields, as also a common "About Us" webpage, showcasing common management between the Restaurants. *See* **Exhibit D**.

e. All the Restaurants are advertised on ESH Restaurant Group's Facebook, Twitter, Instagram, and other social media accounts, in addition to having their own separate social media accounts. For example, ESH Restaurant Group's Instagram page advertises photographs of all the Restaurants. *See* **Exhibit E**.

f. All the Restaurants jointly sell one (1) common gift card, that is available for use at any of the Restaurants, through ESH Restaurant Group's website. *See* **Exhibit F**.

g. Reservations for all of the Restaurants can be made through ESH Restaurant Group's website. *See* **Exhibit G**.

h. Employment positions for all the Restaurants may be applied for through ESH Restaurant Group's website. *See* **Exhibit H**.

i. All the restaurants have had an extensive media coverage via newspaper and magazine publications. All the articles write about Individual Defendants and explicitly portray not just joint ownership, but also co-management and involvement of the Defendants within all the restaurants. *See* **Exhibit I**.

8. Corporate Defendant ESH RESTAURANT GROUP LLC is a domestic limited liability company with a principal place of business and address of services of process located at 151 East 50th Street, New York, NY 10022, which is the address for place of business of Corporate Defendant RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE. Corporate Defendant ESH RESTAURANT GROUP LLC owns and operates all other Corporate Defendants, and is owned by Individual Defendants. *See* **Exhibit A**.

9. Corporate Defendant RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 237 West 54th Street, New York, NY 10019 and an address for service of process located at 36 West 52nd Street, New York, NY 10019. Defendants operate "Empire Steak House" located at 237 West 54th Street, New York, NY 10019 through Corporate Defendant RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE.

10. Corporate Defendant RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 151 East 50th Street, New York, NY 10022, and an address for service of process located at 237 West 54th Street, New York, NY 10019, which is the address for place of business of Corporate Defendant RJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE. Defendants operate "Empire Steak House" located at 151 East 50th Street, New York, NY 10022 through Corporate Defendant RIJJ RESTAURANT LLC d/b/a EMPIRE STEAK HOUSE.

11. Corporate Defendant W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 30 West 46th Street, New York, NY 10036, and an address

for service of process located at 237 West 54th Street, New York, NY 10019. Defendants operate "Chazz Palminteri" restaurant through Corporate Defendant W 46 RESTAURANT LLC d/b/a CHAZZ PALMINTERI.

12. Individual Defendant RRUSTEM SINANAJ is an owner and senior executive officer of Corporate Defendants. Individual Defendant RRUSTEM SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant RRUSTEM SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Individual Defendant RRUSTEM SINANAJ regarding any of the terms of their employment, and Individual Defendant RRUSTEM SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendant RRUSTEM SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. Individual Defendant RRUSTEM SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. Individual Defendant RRUSTEM SINANAJ exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant RRUSTEM SINANAJ operates each corporate entity and Restaurant, including applying and verifying himself to be a principal operator on each Restaurant's liquor license. *See* **Exhibit J**.

13. Individual Defendant SHEFKET SINANAJ is an owner and senior executive officer of Corporate Defendants. Individual Defendant SHEFKET SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class

Members. Individual Defendant SHEFKET SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Individual Defendant SHEFKET SINANAJ regarding any of the terms of their employment, and Individual Defendant SHEFKET SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendant SHEFKET SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. Individual Defendant SHEFKET SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. Individual Defendant SHEFKET SINANAJ exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant SHEFKET SINANAJ operates each corporate entity and Restaurant, including applying and verifying himself to be a principal operator on each Restaurant's liquor license. *See* **Exhibit J**.

14. Individual Defendant XHAFER SINANAJ is an owner and senior executive officer of Corporate Defendants. Individual Defendant XHAFER SINANAJ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant XHAFER SINANAJ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class Members. At all times, employees could complain to Individual Defendant XHAFER SINANAJ regarding any of the terms of their employment, and Individual Defendant XHAFER SINANAJ would have the authority to effect any changes to the quality and terms of employees' employment. Individual

Defendant XHAFER SINANAJ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. Individual Defendant XHAFER SINANAJ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. Individual Defendant XHAFER SINANAJ exercised functional control over the business and financial operations of Corporate Defendants. Individual Defendant XHAFER SINANAJ operates each corporate entity and Restaurant, including applying and verifying himself to be a principal operator on each Restaurant's liquor license. *See* **Exhibit J**.

15. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL, and the regulations thereunder, and a "covered employer" within the meaning of the FMLA.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, dishwashers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages for all hours worked, including overtime hours after forty (40), due to

timeshaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

20. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including, but not limited to, cooks, food preparers, dishwashers, hosts/hostesses, porters, bartenders, barbacks, servers, runners, bussers and delivery persons), employed by Defendants at the Restaurant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("Class Members" or the "Class").

21. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the title of the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that

number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class Members were subject to Defendants' corporate practices of (i) failing to pay them their proper wages for all hours worked, including overtime hours after forty (40), due to timeshaving, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class Members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

24. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d) Whether Defendant properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e) Whether Defendants properly compensated Plaintiff and Class Members the proper minimum wage under the NYLL;

f) Whether Defendants properly compensated Plaintiff and Class Members the proper overtime compensation under the NYLL;

g) Whether Defendants provided proper wage statements informing all non-exempt employees of information required to be provided on wage statements under the NYLL;

h) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

i) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class Members, and whether those wage statements properly stated Plaintiff's and Class Members' wage and overtime compensation in accordance with the NYLL.

**STATEMENT OF FACTS**

29. In or around January 10, 2023, Plaintiff JOSE PAGUAY was hired by Defendants to work as a Line Cook for Defendants' Restaurant "Empire Steak House" located at 151 E 50th St, New York, NY 10022. Plaintiff's employment was terminated in or around February 18, 2023.

30. Throughout Plaintiff's employment, Plaintiff was scheduled by Defendants to work five (5) days per week, Monday through Friday. Plaintiff had a regular work schedule of: (i) eleven (11) hours per day, from 11:00 a.m. to 10:00 p.m. on Mondays and Fridays, (ii) seven (7) hours per day, from 3:00 p.m. to 10:00 p.m. on Tuesdays and Wednesdays, and (iii) six (6) hours per day, from 4:00 p.m. to 10:00 p.m. on Thursdays, each week. In total, Plaintiff was scheduled by Defendants to work forty-two (42) hours per week.

31. Throughout his employment, Plaintiff was compensated by Defendants at an hourly rate of nineteen dollars ($19.00) per hour.

32. All throughout Plaintiff's employment with Defendants, Plaintiff was required by Defendants to clock out each day for a one (1) hour lunch break. Despite Plaintiff clocking out for one hour each day, Defendants still required Plaintiff to work through lunch, while clocked out. Despite working during these breaks, Defendants would still deduct one (1) hour from Plaintiff's compensable time each day. FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' same wrongful policy of time-shaving as Plaintiff.

33. As a result of Defendant's wrongful policy of time-shaving Plaintiff's hours, Plaintiff was not properly compensated for all of his wages, including overtime premiums for all hours worked over forty (40) per week. FLSA Collective Plaintiffs and Class Members were similarly not properly compensated for their wages earned, including overtime premiums for all hours worked over forty (40) per week.

34. Defendants were aware Plaintiff, FLSA Collective Plaintiffs, and Class Members were performing off-the-clock work through their break times every day, as Defendants (i) instructed Plaintiff, FLSA Collective Plaintiffs, and Class Members to clock out every day, (ii) instructed Plaintiff, FLSA Collective Plaintiffs, and Class Members to continue working off-the-clock after clocking out every day, (iii) track the times at which Plaintiff, FLSA Collective Plaintiffs, and Class Members clocked out for their breaks every day, (iv) instruct Plaintiff, FLSA Collective Plaintiffs, and Class Members to clock back in after one (1) hour every day, and (v) deducted one (1) hour of pay from Plaintiff's, FLSA Collective Plaintiffs', and Class Members' compensable time each day after having required them to work through such time. Such an intricate policy which requires five (5) steps with meticulous planning and active tracking was clearly intentional and willful by Defendants. Defendants used this unlawful timeshaving policy to give the appearance their employees received one hour lunch breaks every day, when Defendants were actually forcing their employees to work off-the-clock through these one hour breaks.

35. Further, Defendants were always aware that Plaintiff was not being paid overtime premiums for overtime hours worked every week, as Defendants created Plaintiff's schedule of forty-two (42) hours every week and knowingly subjected Plaintiff to the above timeshaving policy. Defendants therefore knew that all off-the-clock work performed by Plaintiff would always result in unpaid overtime.

36. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the applicable state wage laws.

37. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage statements at all relevant times. Class Members also did not receive proper wage statements, in violation of the applicable wage laws.

38. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being properly paid.

39. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct actually harmed Plaintiff and Class Members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest the pay provided by Defendants, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class Members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

40. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members. This delayed payment caused Plaintiff to struggle to timely pay bills. Class Members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing from employees.

41. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff realleges and reavers the above allegations of this Class and Collective Action Complaint as if fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

46. At all relevant times, Defendants had a policy and practice of time-shaving resulting in a failure to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

47. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked at the statutory rate of time and one-half, including overtime wages owed due to Defendants' time-shaving policy.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

52. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiff realleges and reavers the above allegations of this Class and Collective Action Complaint as if fully set forth herein.

54. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

55. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their proper wages, including overtime, for all hours worked due to Defendants policy of time-shaving.

56. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because Defendants failed to pay wages for all hours worked.

57. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at the dates of all changes in wage rates thereafter, as required under the NYLL.

58. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages and unpaid overtime compensation, due to Defendants' improper time-shaving policy, due under the FLSA and the NYLL;

d. An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wage and overtime compensation pursuant to the NYLL;

g. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a Class Action pursuant to FRCP 23;

j. Designation of Plaintiff as a Representative of Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 25, 2023               Respectfully submitted,

                                        By: */s/ C.K. Lee*
                                             C.K. Lee, Esq.

                                             **LEE LITIGATION GROUP, PLLC**
                                             C.K. Lee (CL 4086)
                                             Anne Seelig (AS 3976)
                                             148 West 24th Street, 8th Floor
                                             New York, NY 10011
                                             Tel.: 212-465-1188
                                             Fax: 212-465-1181
                                             *Attorneys for Plaintiff,*
                                             *FLSA Collective Plaintiffs,*
                                             *and the Class*