USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JOSE PAGUAY, on behalf of himself and
the class,

                                       Plaintiffs,

                -against-

ESH RESTAURANT GROUP LLC, et al,

                                      Defendants.
-----------------------------------------------------------------X

**23-CV-8434 (JPO) (KHP)**

**OPINION AND ORDER ON
MOTION TO COMPEL
ARBITRATION**

**KATHARINE H. PARKER, United States Magistrate Judge:**

       This putative class and collective action brought by Plaintiff Jose Paguay involves claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and wages and seeks class-wide injunctive relief pertaining to an arbitration agreement signed by Plaintiff and other putative class members.

       Before the Court is Defendants' motion to compel Plaintiff to individual arbitration. (ECF No. 27.)  While the motion to compel arbitration falls within my authority under Section 636(b)(1)(A)[1], Defendants' related motion to dismiss this case as a result of the arbitration, and Plaintiffs' cross-motion for Rule 23(b)(2) class certification, do not fall within my referral and thus I do not address them in this decision.

       For the reasons stated below, Defendants' motion to compel arbitration is GRANTED.

**RELEVANT FACTS**

       From approximately January 10, 2023 to February 18, 2023, Plaintiff was employed at a restaurant (the "Restaurant") owned and operated by Defendants.  (Compl. ¶ 29.)  On January

---

[1] *See Zouras v. Goldman Sachs Grp.*, Inc., 2003 WL 21997745, at *1 (S.D.N.Y. Aug. 22, 2003).

27, 2023, Plaintiff executed an arbitration agreement (the "Agreement") with the Restaurant. The Agreement states that Plaintiff agrees to "submit any and all Covered Claims arising out of [his] employment with or termination from the Company to the American Arbitration Association ("AAA") for final and binding arbitration by one arbitrator under the AAA's Employment Arbitration Rules (as modified)."  (ECF No. 29-1, ¶ 1.)  "Covered Claims" are defined to encompass 10 categories of employment-related claims, including "claims relating to compensation, promotion, demotion or other employment action." (*Id*.)

The Agreement provides that Plaintiff and the Restaurant are barred from litigation in any court for any Covered Claim and waives the right to bring "any Covered Claims as a representative or members of a class or collective action" as well as "any and all rights to a trial by jury or judge of any Covered Claim."  (*Id.* ¶¶ 7, 8.)  It further provides that Plaintiff agrees to submit any arbitration demand "no later than one hundred-eighty (180) calendar days after [his] claim arises" or the claim will be resolved against him notwithstanding any lengthier statute of limitations period.  (*Id.* ¶ 6.)  The Agreement also provides that "if any provision of this Agreement, or the application of such provision shall be held by a court of competent jurisdiction to be contrary to law, the remaining provisions of the Agreement shall remain in full force and effect." (*Id.* ¶ 13.)

Plaintiff brought this action on September 25, 2023.  He alleges that throughout his employment at the Restaurant, he was required to clock out for lunch but work through his lunch break, resulting in the deprivation of overtime and regular wages in violation of the FLSA and NYLL.  (ECF No. 18 ¶ 32.)  Plaintiff further alleges that his employer failed to provide adequate wage notices and statements in violation of the NYLL.  (*Id.* ¶¶ 36-37.)  Plaintiff brings

his FLSA and NYLL claims on behalf of a putative collective and Rule 23 class, respectively.  No class or collective action has yet been certified or conditionally certified.  Plaintiff also seeks an injunction requiring Defendants to notify all nonexempt employees and former employees that its Arbitration Agreement is invalid by virtue of limiting the time to bring an arbitration demand to 180 days.  (*Id*. ¶¶ 1-2.)

Defendants moved to compel arbitration.  While Plaintiff admits that he signed the Agreement, he argues that the Agreement is unconscionable because it would shorten the limitations period for his claims to 180 days, and thus is unenforceable.

### LEGAL STANDARDS

Under the FAA, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The U.S. Supreme Court has made clear that "the FAA was designed to promote arbitration," *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (quotation marks and citation omitted), and courts must "'rigorously enforce' arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (citation omitted).  "[B]efore an agreement to arbitrate can be enforced, the district court must first determine whether such agreement exists between the parties."  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017).  The burden then rests on the party opposing the motion to compel arbitration to demonstrate that the agreement is invalid or unenforceable, or that the agreement does not encompass its claims.  *Aminoff & Co. LLC v. Parcel Pro, Inc.*, 2022 WL 987665, at *3 (S.D.N.Y. Apr. 1, 2022).

While courts are generally tasked with deciding whether a dispute is arbitrable, the parties can agree to "submit the question of arbitrability itself to arbitration." *All. Bernstein Inv. Rsch. & Mgmt., Inc. v. Schaffran*, 445 F.3d 121, 125 (2d Cir. 2006)).  "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019).  When an arbitration agreement "explicitly incorporate[s] rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005) (citation omitted).  If the arbitration agreement includes a clause that delegates decisions of arbitrability to the arbitrator, the Court should only intervene if the basis of the non-movant's challenge is directed specifically to enforceability of the delegation clause.  *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010).

### APPLICATION

**1.  The Arbitration Agreement Contains an Enforceable Delegation Clause**

Here, Plaintiff does not challenge that an agreement to arbitrate exists or that his claims fall within the scope of the agreement.  Rather, Plaintiff argues that the agreement is unenforceable because it includes an unconscionable provision at Paragraph 6 that would shorten the limitations period for Plaintiff's claims.  However, the Court cannot reach the issue of whether Paragraph 6 is enforceable because the Agreement delegates that question to the arbitrator by explicitly incorporating the AAA's Employment Arbitration Rules. [2]  That is, the

---

[2]  Although this Court is not the appropriate body to decide the question in this case, this Court notes that it has held elsewhere that arbitration provisions purporting to shorten the limitations period for FLSA claims are

Agreement provides that Plaintiff agrees to submit Covered Claims to the AAA "for final and binding arbitration by one arbitrator under the AAA's Employment Arbitration Rules (as modified)."  (ECF No. 29-1, ¶ 1.)  The AAA's rules, in turn, provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  AAA, Employment Arbitration Rules & Mediation Procedures, Rule 6(a) (2009).[3]

Thus, the enforceability of the Arbitration Agreement has been delegated to the arbitrator for decision.  *See Cartagena Enters., Inc. v. J. Walter Thompson Co.*, 2013 WL 5664992, at *3 (S.D.N.Y. Oct. 16, 2013) ("[P]arties who incorporate AAA rules into their Agreement are assenting to arbitrate issues of arbitrability."); *Lismore v. Societe Generale Energy Corp.*, 2012 WL 3577833, at *5-6 (S.D.N.Y. Aug. 17, 2012) (where the arbitration agreement incorporates the AAA rules by reference, this serves as "clear and unmistakable evidence of the parties' intent to delegate" issues of arbitrability to an arbitrator); *Greene v. Kabbalah Ctr. Int'l, Inc.*, 625 F. Supp. 3d 3, 16 (E.D.N.Y. 2022).

Plaintiff argues that the delegation provision itself is not enforceable, because it is contradicted by Paragraph 13 of the Arbitration Agreement.  That Paragraph provides:

> In the event that any provisions of this Agreement, or the application of such provisions shall be held by a court of competent jurisdiction to be contrary to law, the remaining provisions of the Agreement shall remain in full force and effect.  If any provision regarding discovery or the time to make a demand for arbitration of claims either expressly or impliedly is deemed unenforceable, then such provision shall be modified automatically such that it comports with the applicable federal and/or New York law.

---

unenforceable and should be severed from the agreement, but that similar provisions with respect to NYLL claims are enforceable.  *Hegazy v. Halal Guys, Inc.*, 2023 WL 8924092, at *7 (S.D.N.Y. Dec. 27, 2023).

[3]  See www.adr.org/sites/default/files/EmploymentRules_Web2119.pdf (last visited April 1, 2024).

(ECF No. 29-1 ¶ 13.) Plaintiff argues that Paragraph 13 "clearly provides that a court, not an arbitrator, will determine whether the application of any arbitration provisions is contrary to law." (Opp. 2.) Plaintiff argues that this is especially true in light of the fact that the paragraph highlights the time to bring claims "as something a court might deem contrary to law." (*Id.*) As this specific argument goes to the enforceability of the delegation provision itself, it is appropriate for this Court to address Plaintiff's challenge. *See Rent-a-car*, 561 U.S. at 71.

Plaintiff's argument is unavailing. To start, Plaintiff's characterization of Paragraph 13 as an "explicit provision that the Court decide issues of arbitrability" (Reply 3) is a dramatic overstatement of what this paragraph says. Paragraph 13 does not state that a court will necessarily determine the enforceability of any provision of the Agreement to the exclusion of the arbitrator, but merely discusses what will happen in the event a court does decide that a provision of the Agreement is contrary to law.

Moreover, Paragraph 13 does not contradict the delegation provision in Paragraph 1, because there are situations where it would be appropriate for a court to review the Agreement and find a provision unenforceable notwithstanding the delegation provision. For example, a court might make such a determination if a party challenges an arbitration award or seeks to enforce an award in court following arbitration. While Paragraph 13 discusses what will happen in the event a provision regarding the time to make a demand for arbitration is deemed unenforceable, this is in a separate sentence from the one that mentions the court, and this sentence says nothing about which body is making said determination. Thus, there is nothing internally inconsistent with Paragraph 13 on the one hand and the delegation provision

on the other.  Because the Agreement is not ambiguous, there is no need for the Court to resolve any ambiguity one way or another.

Plaintiff also argues that a reasonable employee reading the Arbitration Agreement and considering whether to sign it "would have no reason to even suspect that the clear text of Paragraph 13 was somehow superseded by one of many unannounced provisions in the AAA Employment Arbitration Rules."  (Opp. 4.)  Thus, Plaintiff appears to ask this Court to excuse him from compliance with the Agreement based on the argument that he did not fully understand or consent to the delegation provision.

This argument is also unavailing.  Under applicable New York law, absent fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract "is conclusively presumed to know its contents and to assent to them."  *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 (2d Cir. 2004) (citations omitted).  "This conclusive presumption of knowledge and assent applies also to the terms of a separate document that is incorporated into a contract by reference, even when the party resisting arbitration contends that he never received the incorporated document."  *Pagaduan v. Carnival Corp.*, 709 F. App'x 713, 716 (2d Cir. 2017); *see also Contec Corp.*, 398 F.3d at 211 (where an arbitration clause incorporates the AAA Rules by reference, this is sufficient to constitute an enforceable delegation clause).  Thus, regardless of whether Plaintiff in fact reviewed the AAA rules or understood the implications of the Agreement's reference to the rules, Plaintiff is conclusively presumed to have known the contents of the AAA rules and assented to them.

Therefore, the Agreement contains a valid delegation clause that prevents this Court from considering Plaintiff's challenge to the enforceability of the Agreement.  The questions of

whether Paragraph 6 is unconscionable, and whether that Paragraph renders the Agreement unenforceable, is properly delegated to the arbitrator.  Accordingly, Defendants' Motion to Compel Arbitration is granted.

**2. The Case is Stayed Pending Arbitration**

When arbitration is compelled, the ordinary remedy contemplated by the FAA is to stay proceedings in the district court.  *See* 9 U.S.C. § 3.  Accordingly, this case is stayed pending arbitration.

Defendants nevertheless moved to dismiss this case in light of the Arbitration Agreement.  Because the motion to dismiss is a dispositive motion that is not referred to me, I do not address the question of whether to dismiss this case.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to compel arbitration is GRANTED and this action is STAYED pending arbitration.  Plaintiff's counsel should promptly file Plaintiff's claims in the appropriate arbitration forum and the parties shall file a joint update on the status of the arbitration by **Monday, July 1, 2024**.

Although this Order disposes of the Motion to Compel Arbitration at ECF No. 27, the Clerk of the Court is respectfully directed to leave that motion open until the Motion to Dismiss is addressed or the Honorable J. Paul Oetken otherwise directs that the motion be terminated.

**SO ORDERED.**

Dated: April 1, 2024
    New York, NY

                                    KATHARINE H. PARKER,
                                    United States Magistrate Judge